**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abraham Daghlan, | No. CV 12-01415-PHX-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| TBI Mortgage Co., RBSGC Mortgage Loan Trust Series 2007-B; Mortgage Electronic Registration Systems Inc.; and Does 1-1000, | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 6), which the Court will grant for the reasons stated below.

**I.    BACKGROUND**

On October 17, 2006, Plaintiff executed a promissory note and deed of trust in the amount of $764,150, secured by property located at 31904 North 19th Avenue, Phoenix, Arizona 85085. At some point, Plaintiff defaulted on the note, and a Notice of Trustee's Sale of the property was recorded on April 2, 2012. The trustee's sale of the property was scheduled for July 6, 2012.

Plaintiff filed his original complaint in Maricopa County Superior Court on May 31, 2012 (Doc. 1-1). Plaintiff's original complaint listed two claims for relief: (1) Quiet Title A.R.S. § 12-1101, and (2) Recordings Containing False Statements in Violation of

1   A.R.S. § 33-420 (*id.*). Defendants removed the action to this Court on June 29, 2012
2   (Doc. 1).

3   **II.    LEGAL STANDARD**

4           On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all plausible allegations of
5   material fact are assumed to be true and construed in the light most favorable to the
6   nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal
7   under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the
8   absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*
9   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need
10  contain only "enough facts to state a claim for relief that is plausible on its face." *Bell*
11  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as
12  true all of the allegations in a complaint does not apply to legal conclusions or conclusory
13  factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of
14  the elements of a cause of action, supported by mere conclusory statements, do not
15  suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that
16  allows the court to draw the reasonable inference that the defendant is liable for the
17  misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability
18  requirement,' but it asks for more than a sheer possibility that a defendant has acted
19  unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit
20  the court to infer more than the mere possibility of misconduct. *Id.*

21  **III.    ANALYSIS**

22          Plaintiff's complaint lists three claims for relief: (1)    These claims are all
23  premised on the discredited "show me the note theory" that has been repeatedly rejected
24  by this Court and the Arizona Supreme Court. *See Hogan v. Washington Mutual Bank,*
25  *N.A.*, --- Ariz. ---, 277 P.3d 781, 782, 783 (2012) (holding "Arizona's non-judicial
26  foreclosure statutes do not require the beneficiary to prove its authority or 'show the note'
27  before the trustee may commence a non-judicial foreclosure" and noting Arizona's trust
28  deed statutes do not require compliance with the UCC before a trustee commences a non-

judicial foreclosure); *see also Geddes v. HSBC Bank USA*, No. CV 12–0667–PHX–FJM, 2012 WL 1977277, *1 (D. Ariz. 2012) (observing that *Hogan* confirmed what had long been the holding of the U.S. District Court for the District of Arizona and the Arizona Court of Appeals).  Any claim raised by Plaintiff which relies upon the show me the note theory is unavailing.

In addition, Plaintiff's claim to quiet title to the subject property also fails.  To state a quiet title claim, a plaintiff must allege that he has satisfied his loan obligation and is accordingly entitled to the release of the deed of trust. *See Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) (noting that where there is "an unsatisfied balance due to a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien").  Here, Plaintiff has not indicated that he is able or willing to tender the full amount owed on the loan or that he is otherwise equitably entitled to quiet title relief.  This alone warrants dismissal of Plaintiff's claim for quiet title.  Plaintiff's arguments related to the show me the note theory do not otherwise provide a basis for the Court to grant Plaintiff quiet title to the subject property. Count One will therefore be dismissed.

Plaintiff has also failed to state a claim for relief under A.R.S. § 33–420.  A.R.S. § 33–420 prohibits a party from recording "an interest in, or a lien or encumbrance against, real property" when that party "knows[s] or ha [s] reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid[.]" Plaintiff alleges that Defendants violated A.R.S. § 33–420 because, when the deed of trust was separated from the promissory note, any lien on Plaintiff's property was extinguished. Therefore, Plaintiff argues, Defendants do not have a real interest in any of Plaintiff's loan documents, but nonetheless "falsely identified itself as the beneficiary under the Deed of Trust in the (i) Assignment; (ii) Substitution of Trustee; and (iii) Notice of Trustee's Sale [.]" (Doc. 18 at 17.)

Plaintiff's reliance on the same meritless allegations under the show me the note theory about the invalidity of the securitization process and any resulting transfers of the

deed of trust, rejected above, to support his claim that Defendants had no interest in Plaintiff's property and thus wrongly recorded loan documents in violation of A.R.S. § 33–420 are unavailing. Plaintiffs arguments under the show me the note theory do not establish that Defendants did not have any interest in the subject property. Plaintiff has offered no other evidence to show Defendants knowingly recorded false documents in violation of A.R.S. § 33–420, nor has he established that this statute applies to assignments of a deed of trust or that he has standing to bring a claim under the statute. Plaintiff has not given any persuasive basis to reconsider this Court's order in *Schayes v. Orion Financial Group, Inc.*, 2011 WL 3156303 (D. Ariz. 2011)), which effectively forecloses Plaintiff's arguments. Accordingly, Count Two also fails to state a plausible claim for relief.

## IV.   LEAVE TO AMEND

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff will be given an opportunity to amend his complaint to make clear his allegations in short, plain statements that state a plausible claim for relief. Any amended complaint must conform to the requirements of the Federal Rules of Civil Procedure. Plaintiff is warned that if he elects to file an amended complaint and fails to comply with the Federal Rules of Civil Procedure, his case will be dismissed. *See* Fed. R. Civ. P. Rule 41(b); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673–74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint").

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 6) is granted.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS FURTHER ORDERED that Plaintiff may file an amended complaint by September 7, 2012. The Clerk is directed to terminate this case without further order if Plaintiff does not file an amended complaint by September 7, 2012.

Dated this 22nd day of August, 2012.

_____
Neil V. Wake
United States District Judge